IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DARREL R. FISHER,**

    **Petitioner,**

v.                                                     **Civil Action No. 3:23cv470**

**UNKNOWN,**

    **Respondent.**

## MEMORANDUM OPINION

Petitioner, who is civilly committed in FMC Butner and proceeding *pro se*, submitted what appeared to be a response to a letter to the Clerk of the United States Court of Appeals for the Fourth Circuit. The Court construed the response as an attempt to file a 28 U.S.C. § 2241 petition, and ultimately dismissed it for lack of jurisdiction. (*See* ECF Nos. 4, 5.) Petitioner appealed, and the Fourth Circuit remanded because "the dismissal of [Petitioner's] § 2241 for lack of subject matter jurisdiction was erroneous." (ECF No. 11, at 3.) The matter is now before the Court on the remand from the Fourth Circuit "for furthering proceedings." (ECF No. 11, at 3.)

By Memorandum Order entered on March 3, 2025, the Court explained as follows:

> Despite the Court's initial, generous construction of Petitioner's filing as an attempt to file a § 2241 petition, in light of the Fourth Circuit's remand, the Court notes that it is unclear what type of action Petitioner intends to bring in this Court based on the documents he submitted or if he intended to file any action at all.[] It is not clear from Petitioner's submissions whether he wishes to pursue a civil rights action challenging the conditions of his confinement under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) or a petition for a writ of habeas corpus under 28 U.S.C. § 2241.
> 
> "[T]he settled rules [provide] that habeas corpus relief is appropriate only when a [petitioner] attacks the fact or duration of confinement, *see Preiser v. Rodriguez*, 411 U.S. 475 (1973); whereas, challenges to the conditions of confinement that would not result in a definite reduction in the length of

> confinement are properly brought" by some other procedural vehicle, including a *Bivens* complaint. *Olajide v. B.I.C.E.*, 402 F. Supp. 2d 688, 695 (E.D. Va. 2005) (emphasis omitted) (internal parallel citations omitted) (citing *Strader v. Troy*, 571 F.2d 1263, 1269 (4th Cir. 1978)). Given the content of this document, it is appropriate to give Petitioner the opportunity to pursue this action as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.
>
> **Accordingly, the Clerk is DIRECTED to send both a *Bivens* form and a 28 U.S.C. § 2241 form to Petitioner. The Clerk SHALL write the case number for this civil action number on both forms.**
>
> If Petitioner wishes to proceed pursuant to 28 U.S.C. § 2241, he must file a petition for a writ of habeas corpus on the proper form.[]
>
> Petitioner must complete the form for **either** a 28 U.S.C. § 2241 petition **or** a *Bivens* action and return the same to the Court within twenty (20) days of the date of entry hereof. Failure to complete an appropriate form and return the same to the Court within twenty (20) days of the date of entry hereof will result in the dismissal of the action. *See* Fed. R. Civ. P. 41(b).[]

(ECF No. 16, at 3–5 (first three alterations in original).) More than twenty (20) days have elapsed, and Petitioner has not returned either form or otherwise responded to the March 3, 2025 Memorandum Order. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Final Order shall accompany this Memorandum Opinion

/s/
M. Hannah Lauck
United States District Judge

Date: 04/03/2025
Richmond, Virginia